UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE DEAN,

    Plaintiff,

v.

    Case No. 1:23-cv-408

    Hon. Robert J. Jonker

CALHOUN COUNTY, *et al.*,

    Defendants.

_____/

**ORDER**

This matter is now before the Court on plaintiff's "Assented to motion to extend deadline to move to amend complaint" (ECF No. 54). Plaintiff's motion will be denied.

First, plaintiff has not shown good cause to amend a deadline in the case management order (CMO). During the Rule 16 Scheduling Conference held on November 30, 2023, the Court granted plaintiff's oral motion to file an amended complaint. *See* Order (ECF No. 38). Plaintiff filed the amended complaint that day. *See* Amended Compl. (ECF No. 39). The CMO entered on December 1, 2023 requires that motions to amend pleadings must be filed by December 31, 2023 (ECF No. 40, PageID.258). Plaintiff's present motion seeks to extend that deadline by amending a provision of the CMO. Pursuant to Fed. R. Civ. P. 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." While one of plaintiff's attorneys stated that he "was just recently released from the hospital due to emergency surgery," this ambiguous statement by one member of the law firm representing plaintiff does not demonstrate good cause for amending the CMO.

1

Second, plaintiff's motion to amend the CMO will be denied because it does not include a supporting brief as required by W.D. Mich. LCivR 7.1 which states that:

> All motions, except those made orally during a hearing or trial, shall be accompanied by a supporting brief. Any party opposing a written motion shall do so by filing and serving a brief conforming to these rules. All briefs filed in support of or in opposition to any motion shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies.

W.D. Mich. LCivR 7.1(a).

Third, plaintiff did not seek concurrence as required by W.D. Mich. LCivR 7.1(d) which requires that all non-dispositive motions shall be accompanied by a separately filed certificate setting forth in detail the efforts of the moving party to comply with the obligation created by this rule.[1]

Fourth, plaintiff has not shown good cause to amend a deadline in the CMO so that he can include a claim which on its face is part of a bankruptcy case.  Plaintiff's counsel justifies the need for the extension with conclusory statements that "My bankruptcy counsel has informed me that Corizon's liabilities were transferred to CHS TX, Inc." and that "They are not subject to the bankruptcy stay so I intend to move to amend the complaint and add CHS TX, Inc. as a party." Counsel's cryptic summary of the Corizon bankruptcy case (which affects a number of lawsuits in this Court) and his bankruptcy counsel's opinions regarding that bankruptcy do not demonstrate good cause to amend the CMO.

For all of these reasons, plaintiff's motion to extend the CMO's deadline for filing amended pleadings (ECF No. 54) is **DENIED**.

---

[1] The Court notes that a new version of this local rule "shall take effect with motions filed February 1, 2024 and after." *See* Amended Administrative Order No. 23-RL-113.

2

**IT IS SO ORDERED**.

Dated:  January 5, 2024                                         /s/ Ray Kent
                                                                RAY KENT
                                                                United States Magistrate Judge