UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE DEAN,

    Plaintiff,

v.

CALHOUN COUNTY, et al.

    Defendants.
_____/

Case No. 1:23-cv-408

Hon. Robert J. Jonker

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 94), Plaintiff's Objection to the Report and Recommendation (ECF No. 95), and Calhoun County's Response to Plaintiff's Objection (ECF No. 97).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> [t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections; and Calhoun County's Response.  After

its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct as to dismissal of the current complaint against Calhoun County. The Court will, however, dismiss the claims without prejudice for filing of an amended complaint.

In February 2021, Jesse Dean—a Bahamian citizen—died from an untreated ulcer while being detained by Immigration and Customs Enforcement ("ICE") at the Calhoun County Jail ("the County Jail") in Battle Creek, Michigan. (ECF No. 39). The personal representative of Dean's estate now brings Federal civil rights and tort claims against the United States, Calhoun County, and several individual healthcare workers at the County Jail related to Dean's death. (*Id.*). At issue here is Plaintiff's claim brought under 42 U.S.C. § 1983 that Calhoun County violated the Fifth and Fourteenth Amendments by: (i) contracting with Corizon Healthcare and its various subsidiaries, successors, or alter egos (*id.* ¶¶ 64–71, 73–76); and (ii) maintaining a policy, custom, or practice of failing to provide sufficient medical care for inmates and detainees (*id.* ¶ 72.A. through ¶ 72.M.).

Calhoun County moves to dismiss Plaintiff's section 1983 claim against it under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to plausibly allege a Constitutional violation under either theory of liability. (ECF No. 46). On August 5, 2024, Magistrate Judge Kent filed a Report and Recommendation recommending that the Court grant Calhoun County's Motion and dismiss it from Plaintiff's action. (ECF No. 94).

### I. The Contracting Claim

Analyzing Plaintiff's section 1983 action against Calhoun County as two claims—one "contracting claim" and one "policy and custom" claim—the Magistrate Judge first recommends that the Court grant Calhoun County's motion to dismiss the "contracting claim" with prejudice. (ECF No. 94 at PageID.767, 770). On review of the allegations in the Amended Complaint and

the Parties' objections and responses, the Court agrees that Plaintiff has not plausibly alleged facts sufficient to support a section 1983 claim under the "contracting" theory of liability.

Plaintiff objects to the Magistrate Judge's bifurcation of the cause of action against Calhoun County as "misapprehend[ing] the claim asserted against the County[.]" (ECF No. 95 at PageID.774). But, as pleaded, these are the only two theories of liability that Plaintiff advances against Calhoun County. (*See* ECF No. 39 at PageID.253–55). Plaintiff's allegations are properly analyzed as stemming either from the contractually outsourcing of inmate medical care—which itself can be characterized as a policy—or from another identifiable municipal policy or custom that ultimately caused the harm. The Magistrate Judge's framework was therefore appropriate.

Under section 1983, a municipal entity may be held liable only when an "action pursuant to official municipal policy of some nature causes a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). It is well established that a municipal entity may not be sued under section 1983 for injuries inflicted solely by its agents or employees. *Id.* at 694. Accordingly, Plaintiff must demonstrate that Calhoun County's outsourcing policy with Corizon Healthcare was either facially unconstitutional or adopted "with deliberate indifference as to its known or obvious consequences." *Winkler v. Madison Cnty.*, 893 F.3d 877, 901 (6th Cir. 2018) (cleaned up). Plaintiff claims the latter, alleging that Calhoun County was "deliberately indifferent to the medical needs of inmates and detainees" by both entering into and maintaining its contract with Corizon Healthcare. (ECF No. 39 at PageID.253). Plaintiff points to two articles and one court case from the District of Oregon as evidence that Calhoun County knew of Corizon's "unconstitutionally deficient health care to inmates and detainees around the country." (*Id.*)

These allegations do not establish that Calhoun County's contract with Corizon Healthcare raises "an obvious risk to inmates' constitutional rights to adequate medical care." *Winkler*, 893

F.3d at 902.  Two articles and a lone district court opinion do not give rise to a plausible inference that Calhoun County had notice of any inadequacies with its medical contractor.  What Plaintiff's allegations instead amount to is a theory "that the County's policy did not, in this particular case, adequately address [his] specific medical needs."  *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004).  That is not enough to hold Calhoun County liable for a constitutional violation.  *See Medley v. Shelby Cnty., Kentucky*, 742 F. App'x 958, 962 (6th Cir. 2018) (rejecting section 1983 action under similar medical outsourcing theory).

The Court agrees with the Magistrate Judge that the "contracting claim" should be dismissed for failure to state a claim, but will permit Plaintiff the opportunity to establish by amendment that Calhoun County knew that outsourcing its medical care to Corizon Healthcare posed an "obvious risk to inmates' constitutional rights to adequate medical care."  *Winkler*, 893 F.3d at 902.

## II.    The Policy and Custom Claim

The Magistrate Judge next recommends that the Court grant Calhoun County's motion to dismiss the "policy and custom" claim without prejudice.  (ECF No. 94 at PageID.770).  The Court agrees.  The Amended Complaint fails to identify any policy, practice, or custom on the part of Calhoun County that was the "moving force" behind Plaintiff's constitutional injury.  *Turner v. City of Taylor,* 412 F.3d 629, 639 (6th Cir.2005).

To succeed on his claim, Plaintiff must show more than that the municipality employed a tortfeasor who harmed him.  *See Cummings v. City of Akron,* 418 F.3d 676, 684 (6th Cir.2005).  He must establish that he was injured as a direct result of acts that "the municipality has officially sanctioned or ordered" through "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Monell,* 436 U.S. at 694.  A single act or decision, in appropriate

circumstances, "may qualify as an official government policy, though it be unprecedented and unrepeated." *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (internal quotation marks omitted). Similarly, a failure to act may amount to a policy under section 1983 if the plaintiff can show that decisionmaker knew of a problem and chose not to address it, thereby consciously adopting a policy of inaction. *Heyerman v. Calhoun Cnty. Prosecutor's Off.*, No. 1:09-CV-411, 2010 WL 3505789, at *5 (W.D. Mich. Sept. 7, 2010), *aff'd sub nom. Heyerman v. Cnty. of Calhoun*, 680 F.3d 642 (6th Cir. 2012).

Plaintiff here has concluded that Calhoun County employed and maintained several policies, customs, or practices, including failing to train and discipline employees and denying inmates and detainees access to necessary medical care. (*See* ECF No. 39 at PageID.253–55). However, Plaintiff fails to plead any facts that might support these conclusions. Even assuming that certain of the "unknown jail or medical staff" referenced in the Amended Complaint were employees of Calhoun County (*see, e.g.*, ECF No. 39 at PageID.244 ¶ 20), there is no indication that these employees spoke with any policymaking authority for the County. And allegations that there were instances of inaction, without a showing that those instances were the result of a policy or custom, do not support liability under section 1983. *See Wallace v. Cnty. of Calhoun*, No. 1:10-CV-144, 2010 WL 1494771, at *7 (W.D. Mich. Apr. 14, 2010).

Dean's death while in custody presents an obviously sympathetic case. But even a tragic outcome, standing alone, is not enough to state a plausible *Monell* claim. And as Judge Kent correctly pointed out, Plaintiff's Amended Complaint fails to plausibly state a *Monell* claim under section 1983. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court agrees that the "policy and custom" claim should be dismissed, and further agrees that Plaintiff should be given the opportunity to amend his

complaint to identify Calhoun County's specific policies and customs that caused Dean's constitutional injury.

        **ACCORDINGLY, IT IS ORDERED that:**

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 94), is **APPROVED AND ADOPTED** as the opinion of the Court to the extent provided in this Order.

2. Defendant Calhoun County's Motion to Dismiss, (ECF No. 45), is **GRANTED without prejudice** as to both the "contracting claim" and the "policy and custom" claim.

3. Plaintiff may file an amended complaint addressing the issues not later than October 4, 2024.  Failing that, Calhoun County will be dismissed from this action.

**IT IS SO ORDERED.**


Dated:  September 12, 2024           /s/ Robert J. Jonker  
                                                    ROBERT J. JONKER  
                                                    UNITED STATES DISTRICT JUDGE